Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
(503) 917-4409 Phone
(916) 857-6902 Facsimile
E-mail: rhacke@pji.org

Attorney for Plaintiff
SALLY JANE BOZARTH

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| SALLY JANE BOZARTH, An Individual,<br><br>                              Plaintiff,<br><br>v.<br><br> BEAVERTON SCHOOL DISTRICT, A Public Body,<br><br>                              Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR RELIGIOUS AND DISABILITY DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2], ORS 659A.030(1)(b), THE AMERICANS WITH DISABILITIES ACT [42 U.S.C. § 12112 *et seq.*], AND ORS 659A.112(1); AND DEPRIVATION OF CIVIL RIGHTS [42 U.S.C. § 1983]**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff SALLY JANE BOZARTH hereby alleges as follows:

## **PARTIES**

1.      Plaintiff is, and at all times relevant herein was, an employee of

Defendant BEAVERTON SCHOOL DISTRICT ("BSD" or the "District") whom

the District twice placed on unpaid leave and has furthermore subjected to unreasonable, discriminatory "accommodations" in response to Plaintiff's request for a religious exception from the Oregon Health Authority's ("OHA") since-repealed requirement[1] that public school employees be vaccinated against COVID-19 (the "Vaccine Mandate" or the "Mandate").

2.      Defendant BSD is, and at all times herein was, a public school district that operates public schools in and near the city of Beaverton, Oregon, and a public body as defined in ORS §§ 30.260(4)(b) and 174.109.  BSD furthermore is, and at all times herein was, a "body corporate" that may sue and be sued under Or. Rev. Stats. § 332.072, may buy and sell property, and satisfies any damages obligations owed to tort claimants from its own liability insurance, not from state funds.

## JURISDICTION

3.      Plaintiff refers to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

4.      This Court has jurisdiction over Defendant BSD pursuant to 28 U.S.C. § 1331 because Plaintiffs' action arises under the constitution and laws of the United States.

5.      This Court has supplemental jurisdiction over the state law claim(s) asserted herein pursuant to 28 U.S.C. § 1367(a) in that such claims are related to and form part of the same case and controversy as Plaintiff's federal claims.

## VENUE

6.      Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

---

[1] The OHA repealed the Vaccine Mandate in its entirety on June 30, 2023.  *See* http://records.sos.state.or.us/ORSOSWebDrawer/Recordhtml/9549761 [last viewed on October 25, 2023].

7.  Venue is proper in the Court's Portland Division because the events giving rise to this Complaint occurred in the County of Washington and all agents, employees, or other persons working for, or in concert with, Defendant BSD with regard to the events giving rise to this case are located in, employed in, and/or residents of the County of Lane.

## GENERAL ALLEGATIONS

8.  Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

9.  In August 2021 – roughly 18 months after Oregon's then-governor, Kate Brown ("Gov. Brown"), had declared a statewide emergency in response to the arrival of the novel coronavirus ("COVID-19") in the state but which, by that time, was known to have a survival rate exceeding 99 percent – the OHA, pursuant to an executive order from Gov. Brown, sought to limit the spread of the COVID-19 in the state's public schools via the Vaccine Mandate.  The Mandate required employees who worked in public-school facilities statewide to be vaccinated against COVID-19 by October 18, 2021.  *See* Or. Admin. R. 333-019-1030.

10.  The Vaccine Mandate allowed public-school employees to seek, and the school districts who employed them to grant, religious exemptions from the vaccination requirement.  Or. Admin. R. 333-019-1030(3)-(4).  The Mandate also declared that "[n]othing in this rule is intended to prohibit schools or school-based programs … from … ***Complying with Title VII of the Civil Rights Act, and state law equivalents***, for individuals ***unable*** to be vaccinated due to … a sincerely held religious belief."  Or. Admin. R. 333-019-1030(5)(a) (emphasis added).

11.  In accordance with the Vaccine Mandate, BSD required all of its employees to either be vaccinated against COVID-19 or be granted a religious or medical exception by October 18, 2021.

12.    Defendant BSD allowed its employees to request religious and medical exemptions from the Vaccine Mandate. All such requests would be judged by Karl Granlund Jr. ("Granlund"), BSD's Administrator for Risk Management.

13.    Plaintiff is, and at all times relevant herein was, a Library Media Assistant ("LMA") at William Walker Elementary School ("Walker Elementary"), a public school owned and operated by BSD.  Plaintiff has been an LMA at Walker Elementary for approximately eight years, starting on August 26, 2015.

14.    As an LMA, Plaintiff is, and at all times relevant herein was, responsible for supporting Walker Elementary students and staff in the use of the school library's print and digital media, including supervising and interacting with small groups or even entire classes without direct teacher supervision.

15.    Plaintiff is also, and at all times herein was, a practicing Christian who opposes abortion on religious grounds.  Because (1) all COVID-19 vaccines available in the U.S. market when the OHA issued its Vaccine Mandate were made by manufacturers who used cells from aborted babies in the research, testing, and development of the vaccines and (2) Plaintiff holds a sincere religious belief that "[t]aking a vaccine made from aborted children would make me complicit in an action (i.e., abortion) that violates my religious faith," Plaintiff was unable to receive a COVID-19 vaccine.  *See* Attached **Exhibit "A"** [a true and accurate copy of Plaintiff's religious exception request].

16.    Accordingly, on or about September 8, 2021, Plaintiff applied to BSD for a religious exception from the Vaccine Mandate.  *See* Ex. "A."

17.    On or about September 10, 2021, the District granted Plaintiff's religious exception request.  *See* Attached **Exhibit "B"** [a true and accurate copy of an e-mail from BSD notifying Plaintiff that her request had been approved].

18.     Initially, the only condition of Plaintiff's religious accommodation was that she had to submit to weekly testing for COVID-19.  *See* Ex. "B."

19.     Beginning in October 2021, however, BSD subjected Plaintiff to additional conditions that the District presented as safety measures but were, in fact, efforts to punish employees like Plaintiff who declined to receive COVID-19 vaccines.  Such conditions included the following:

   a.  Wearing N95 or KN95 masks instead of the typical cloth or paper face coverings frequently worn during the COVID-19 pandemic;

   b.  In some cases – including Plaintiff's – BSD required employees to wear face shields in addition to N95 or KN95 masks;

   c.  Maintaining social distancing to a distance of six feet or greater at all times, to the extent possible; and/or

   d.  Placement on an unpaid leave of absence.

*See* Attached **Exhibit "C"** [a true and accurate copy of an e-mail from BSD dated October 13, 2021 imposing additional requirements on employees to whom the District granted religious exceptions from the OHA's Vaccine Mandate].

20.     The N95 or KN95 masks greatly constricted their wearers' ability to breathe and were often undersized, creating deep grooves on their wearers' faces in the area surrounding their noses and mouths.  Those grooves were the equivalent of a scarlet letter "U" (for "unvaccinated"), conveying BSD employees' vaccination status to the public even outside of District facilities when the employees were off the clock.

21.     BSD required Plaintiff to wear both an N95 or KN95 mask and a face shield.  This made it difficult for Plaintiff to perform essential job functions:

   a.  Plaintiff – who suffers from Restrictive Airway Disease and dyspnea, aka labored breathing – frequently had difficulty breathing, often

needing to take mask and face shield breaks because she was suffering from headaches, light-headedness, shortness of breath, her face feeling flushed, and other issues;

b.  Plaintiff's face shield – and her glasses – would frequently fog up, distorting her vision and causing Plaintiff to suffer severe eye strain when trying to read, a central part of her job; and

c.  On a related note, because Plaintiff was frequently anxious about tripping – or even attempting to sit down lest she miss her chair – and falling on Walker Elementary's hard floor because she could not see through her fogged-up glasses and face shield.

22.    Plaintiff even got a note from her doctor stating that a surgical mask would be a sufficient accommodation and submitted that note to Granlund, the District's Administrator for Risk Management.  *See* Attached **Exhibit "D"** [a true and accurate copy of said doctor's note].  Granlund, acting on BSD's behalf, dismissed the doctor's note as merely "an opinion."

23.    Plaintiff asked for an accommodation pursuant to the Americans with Disabilities Act that would allow her to breathe and see.  *See* Attached **Exhibit "E"** [a true and accurate copy of Plaintiff's disability accommodation request and accompanying medical records confirming her Restrictive Airway Disease and dyspnea].  The District denied Plaintiff's request.

24.    Eventually, BSD's vice president allowed Plaintiff to wear a surgical mask underneath her face shield instead of an N95 or a KN95 mask.  Even so, that did not alleviate the breathing and seeing problems Plaintiff had to deal with.

25.    The District also placed Plaintiff on unpaid leave twice – first on November 11, 2021, then again on February 12, 2022.  Both times BSD did so in response to Plaintiff's complaints about the difficulties presented by the dual

masking/face shield requirement.  The District also threatened to place Plaintiff on unpaid leave through the remainder of the 2021-22 school year if she continued to refuse to comply with the conditions of her religious accommodation.  *See* Attached **Exhibit "F"** [a true and accurate copy of an e-mail from Granlund threatening to place Plaintiff on unpaid leave through June 30, 2022].

26.    Given that Plaintiff is in her 70s and finding work with another employer is extremely difficult at her age – and because she did not want to lose her health insurance or retirement benefits or experience other financial hardships, especially since she needed her health insurance for a life-saving skin cancer operation – Plaintiff ultimately returned to work each time after about a week to 10 days, submitting to BSD's discriminatory conditions under protest.

27.    In March 2022, the District lifted masking requirements for vaccinated staff and all students regardless of vaccination status.  For Plaintiff, however, BSD did not remove any restrictions – the District required her to continue testing and masking up.  *See* Attached **Exhibit "G"** [a true and accurate copy of an e-mail from Granlund to Plaintiff telling her what safety measures she must comply with].  The District required this of Plaintiff and not of vaccinated employees even though scientific studies showed that BSD's vaccinated employees were as capable of contracting and spreading COVID-19 despite being vaccinated.

28.    Granlund asserted to Plaintiff that he could effectively subject her to discriminatory treatment based on her vaccination status for as long as she worked for BSD, declaring as follows [*see* Ex. "G"]:

   a.  The OHA had made the Vaccine Mandate "a permanent rule";

   b.  The Mandate's provision requiring BSD to take "reasonable steps to ensure that unvaccinated teachers and school staff are protected from contracting and spreading COVID-19" justified continuing to treat

Plaintiff as potentially dangerous – especially since she was in a "student-facing position"; and

c. "All requirements are in effect immediately and have no current end date.  The only person able to add, modify, or remove any safety measure is the BSD Risk Manager (i.e., Granlund) or his/her designee."

29.    The District even demanded that Plaintiff continue submitting to the weekly COVID-19 testing requirement during the summer months when school was out and there was little to no danger of Plaintiff contracting and transmitting COVID-19 to Walker Elementary students or staff.  To avoid being fired from a job she loves, Plaintiff complied.  *See* Attached **Exhibit "H"** [a true and accurate copy of an e-mail showing that Plaintiff regularly submitted proof of COVID-19 testing during the summer months].

30.    Only after the 2022-23 school year began did BSD lift the masking requirement.  Even then, Plaintiff still had to continue testing for COVID-19.

31.    The working conditions to which BSD subjected Plaintiff were not true religious "accommodations," any assertion the District might make to the contrary notwithstanding.  Rather, the District subjected Plaintiff to discriminatory conditions under the guise of "accommodating" her.  This is especially true given that BSD required Plaintiff to submit to such measures when they were lifted for vaccinated employees and for all students regardless of vaccination status – an indicator that BSD used these measures not to accommodate Plaintiff, but to publicly shame and humiliate her for being unvaccinated.

32.    As a condition of filing the herein lawsuit, Plaintiff has obtained a right-to-sue letter from Oregon's Bureau of Labor & Industries.  A true and accurate copy of that letter is attached hereto as **Exhibit "I."**

33.     As a condition of filing this lawsuit, as required under the Oregon Tort Claims Act, Plaintiff submitted to BSD a letter notifying the District of her intent to sue BSD for employment discrimination.  A true and accurate copy of that letter is attached hereto as **Exhibit "J."**

34.     Attached hereto as **Exhibit "K"** is a true and accurate copy of a printout from the website TimeandDate.com showing when the 90-day statute of limitations set forth in Plaintiff's right-to-sue letter is set to expire.  Plaintiff has attached this printout hereto as proof that she has timely filed this lawsuit.

## FIRST CAUSE OF ACTION:
### Violation of Title VII – Failure to Provide Reasonable Accommodations
### [42 U.S.C. § 2000e-2]

35.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

36.     Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

37.     For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

38.     Defendant BSD is an employer as defined by Title VII.

39.     The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

40.     As a practicing Christian, Plaintiff belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a).

41.     Plaintiff holds, and at all times relevant herein held, sincere religious beliefs that rendered her unable to receive a COVID-19 vaccine.

42.    Plaintiff's sincere religious beliefs conflicted with her employment-related duty to receive a COVID-19 vaccine in accordance with the OHA's Vaccine Mandate.

43.    Plaintiff informed her employer, Defendant BSD, of the conflict between her religious beliefs and their employment-related duties.

44.    Defendant BSD subjected Plaintiffs to discriminatory treatment by:

   a.  Requiring Plaintiff to wear both a face covering and a face shield during the 2021-22 school year even though this combination restricted her ability to breathe and see – and, accordingly, to perform essential job functions;

   b.  Requiring Plaintiff to remain masked for the remainder of the 2021-22 school year after lifting masking requirements for all vaccinated employees and all students regardless of vaccination status – even though BSD's vaccinated employees were just as capable of contracting and spreading COVID-19 despite being vaccinated;

   c.  Requiring Plaintiff to continue testing for COVID-19 during the summer months when she was not on campus and therefore posed no danger of contracting and spreading COVID-19 to Walker Elementary's students and staff; and

   d.  Placing Plaintiff on unpaid leave – i.e., a *de facto* suspension, and therefore an adverse employment action – twice when Plaintiff expressed an unwillingness to comply with Defendant BSD's discriminatory accommodations.

45.    Title VII requires Defendant BSD, as Plaintiff's employer, to provide reasonable religious accommodations when doing so imposes no undue hardship. The "accommodations" BSD provided to Plaintiff – which were not true

accommodations, done to publicly humiliate and shame her under the guise of accommodating her – were not reasonable, as they not only endangered her life and hindered her ability to perform job-related functions, but also caused her physical, mental, and emotional harm.

46.    Based on the foregoing, Defendant BSD has discriminated against Plaintiff in violation of Title VII.

**SECOND CAUSE OF ACTION:**
**Violation of Title VII – Retaliation**
**[42 U.S.C. § 2000e-2]**

47.    Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

48.    To state a claim for retaliation in violation of Title VII, a plaintiff must show that (1) the plaintiff engaged in a protected activity, (2) the plaintiff's employer subjected the employee to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1026 (D. Ore. 2008).

49.    In declining to receive a COVID-19 vaccine on religious grounds and seeking a religious exception that would allow her to continue working in District facilities despite being unvaccinated, Plaintiff engaged in a protected activity.

50.    Defendant BSD subjected Plaintiff to adverse employment actions by twice placing her on unpaid leave whenever she expressed an unwillingness to comply with the discriminatory "accommodations" BSD gave her as a condition of remaining unvaccinated.  Plaintiff's placement on unpaid leave was a *de facto* suspension that had the coercive effect of forcing Plaintiff to choose between allowing herself to be subjected to unbearable working conditions or forfeiting her livelihood – all so she could avoid violating her sincere religious beliefs.

51.     There was unquestionably a causal link between Plaintiff's protected activity and the adverse employment action that Defendant BSD took against them: Had she not asserted her religious freedom under the U.S. Constitution and Title VII to decline receiving COVID-19 vaccines on religious grounds, the District would not have subjected Plaintiff to discriminatory working conditions.

52.     Based on the foregoing, Defendant BSD has unlawfully retaliated against Plaintiffs in violation of Title VII.

### THIRD CAUSE OF ACTION
**Violation of State Law Prohibiting Religious Discrimination by Employers [ORS 659A.030(1)(b)]**

53.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

54.     Like Title VII, ORS 659A.030(1)(b) prohibits employers from discriminating against employees on the basis of the employees' religion with regard to terms, conditions, or privileges of employment.

55.     Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical, Plaintiff declines to restate the facts as set forth in their first two causes of action, as those facts are already incorporated as though fully set forth herein.

56.     Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded under Title VII, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any State[.]"  In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

57.     Under Oregon law, a jury may award up to $500,000 in noneconomic damages.  *See* ORS 31.710(1).  Oregon law defines "noneconomic damages" to include "subjective, nonmonetary losses, including but not limited to … <u>mental suffering</u>, emotional distress, … inconvenience and interference with normal and usual activities apart from gainful employment."  ORS 31.705(2)(b).

58.     Plaintiff has submitted to Defendant BSD notice of her intent to sue for employment discrimination under ORS 659A.030, as required under the Oregon Tort Claims Act.  *See* Ex. "J."

59.     As stated *supra*, Plaintiff has endured mental suffering and emotional distress due to Defendant BSD's unlawful discrimination against her.

60.     Based on the foregoing, in addition to violating Title VII, Defendant BSD has violated ORS 659A.030(1)(b) with regard to Plaintiff.

<b><u>FOURTH CAUSE OF ACTION:</u><br>Violation of Americans With Disabilities Act<br>[42 U.S.C. § 12112(a)]</b>

61.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

62.     The ADA prohibits employers from discriminating against qualified individuals on the basis of disability with regard to the terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).

63.     As someone who suffers from Restrictive Airway Disease and dyspnea, Plaintiff has a disability as defined by 42 U.S.C. § 12102(1)(A) ["A physical or mental impairment that substantially limits one or more major life activities of such individual"].  Plaintiff also has records of her impairments, which she attached to her request for disability accommodation request, thereby meeting the requirements of 42 U.S.C. § 12102(1)(B).  *See* Ex. "E."

64.     Plaintiff was qualified to work as an LMA and perform all essential functions required of her in that position.

65.     Plaintiff suffered adverse employment action due to her disability: Not only did Defendant BSD place Plaintiff on unpaid leave due to her unwillingness to subject herself to accommodations that restricted her abilities to breathe and see, BSD threatened to do so for the remainder of the 2021-22 school year if she complained about her accommodations again.  *See* Ex. "F."  Threats of adverse employment action are themselves adverse employment actions.

66.     Based on the foregoing, Defendant BSD has violated the ADA.

## FIFTH CAUSE OF ACTION:
### Violation of State Law Prohibiting Disability Discrimination
### [ORS 659A.112(1)]

67.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

68.     Like the ADA, Oregon law prohibits employers from discriminating against qualified individuals on the basis of disability with regard to the terms, conditions, and privileges of employment.  ORS 659A.112(1).

69.     Because Defendant BSD employs, and at all times relevant herein employed, more than six persons, the District is an employer to whom ORS 659A.112(1) applies.  *See* ORS 659A.106.

70.     As someone who suffers from Restrictive Airway Disease and dyspnea, Plaintiff has a disability as defined by ORS 659A.104(1)(a) ["A physical or mental impairment that substantially limits one or more major life activities of such individual"].  Plaintiff also has a record of her impairment, as indicated by the records she attached to her disability accommodation request.  *See* Ex. "E."

71.     Plaintiff was qualified to work as an LMA at Walker Elementary and could perform all essential functions required of her in that position.

72.     Plaintiff suffered adverse employment action due to her disability. *See* Ex. "F."

73.     Defendant BSD could and should have offered Plaintiff a reasonable accommodation – namely, letting her work with a surgical mask and nothing more.

74.     Animus toward Plaintiff's disability is truly what motivated Defendant BSD to threaten to place her on unpaid leave if she continued to complain about her discriminatory accommodations, any assertion the District might make to the contrary notwithstanding.

75.     Defendant BSD's actions were inconsistent with the Vaccine Mandate, which expressly allowed the District to grant disability accommodations in compliance with state laws prohibiting disability-based discrimination.  *See* Or. Admin. R. 333-019-1010(5)(a).  See Or. Admin. R. 333-019-1010(5)(a)

76.     Based on the foregoing, the Dental Practice has violated ORS 659A.112(1).

## SIXTH CAUSE OF ACTION:
### Violation of Constitutionally Protected Freedom of Religion
### [U.S. Const. amend. I; 42 U.S.C. § 1983]

77.     Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

78.     Under 42 U.S.C. § 1983, public bodies like Defendant BSD can be held liable for civil rights violations that arise out of a governmental function.

79.     The U.S. Constitution's First Amendment, made applicable to states through the Fourteenth Amendment, prohibits public bodies from infringing on individuals' freedom of religion.  The Fourteenth Amendment prohibits public

bodies from "depriv[ing] any person of life, *liberty*, or property without due process of law."  U.S. Const. amend. XIV, § 1 (emphasis added).

80.    Acting under color of state law, Defendant BSD had a custom or policy of violating Plaintiff's constitutionally protected freedom of religion by effectively punishing employees in Plaintiff's position for adhering to their sincere, religiously-based objections to receiving a COVID-19 vaccine: Notwithstanding any assertion the District and others who acted on the District's behalf might make to the contrary, Defendant BSD's requirement that Plaintiff wear both a mask and a face shield knowing that the combination affected her ability to breathe and see – not to mention perform essential job functions – was done not for the protection of BSD employees and students, but to publicly humiliate and shame Plaintiff for not receiving a COVID-19 vaccine.

81.    Even assuming Defendant BSD had a compelling interest in halting the spread of COVID-19 within its schools, the District could – and should – have reasonably accommodated Plaintiff's beliefs and allowed her to work solely with a surgical mask.

82.    Based on the foregoing, Defendant BSD has deprived Plaintiff of her constitutionally protected freedom of religion.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant BSD as follows:

### ON ALL CAUSES OF ACTION:

1.    For economic damages in an amount according to proof at trial;

2.    For non-economic damages in an amount according to proof at trial;

3.    For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

4.    For such other and further relief as the Court may deem proper.

Dated: November 1, 2023                         PACIFIC JUSTICE INSTITUTE

                                                        __/s/ *RAY D. HACKE*_____
                                                        Ray D. Hacke
                                                        Attorney for Plaintiff
                                                        SALLY JANE BOZARTH

# EXHIBIT "A"

OFFICE OF THE DIRECTOR
Office of the State Public Health Director



## COVID-19 Vaccine Religious Exception Request Form

I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief.

| Individual's name: Sally Jane Bozarth | Date of birth: 04/15/1949 |
|---|---|
| Phone number: 503-724-2538 | |
| Employer/Organization: Beaverton School District | Job Title/Position: Library Media Assistant |

### Please check the boxes below as appropriate and complete related questions:

☑ Receiving the COVID-19 vaccination conflicts with my religious observances, practices or beliefs as described below.

Please describe your religious belief and how it affects your ability to receive a COVID-19 vaccination

Please see the attached 'REQUEST FOR RELIGIOUS ACCOMMODATION' document asking for religious accommodation, under Title VII and any similar Oregon state law(s), that will exempt me from having to receive a COVID-19 vaccine.

I certify the above information to be true and accurate and that I sincerely hold the religious beliefs described above.

| Signature: Sally Jane Bozarth | Date: 9/8/2021 |
|---|---|

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations, large print, or braille. Contact the Health Information Center at 1-971-673- 2411, 711 TTY or COVID19.LanguageAccess@dhsoha.state.or.us.

OHA 3871 (8/25/2021)

I understand above to your position. I am signing this document without waiver of my legal right to seek religious exemptions and accommodations from any requirement that conflicts with my sincerely held religious beliefs, and without waiver of the right to seek legal redress from any wrongful denial of such exemption or accommodation. SJB

REQUEST FOR RELIGIOUS ACCOMMODATION

To HR and to Whom It May Concern,

As you know, Gov. Kate Brown just announced a new statewide measure/mandate that teachers, educators, support staff, and volunteers in K-12 schools will be required to be fully vaccinated for COVID-19 by Oct. 18, 2021, or six weeks after full FDA approval, whichever is later.

However, I cannot receive any of the currently available COVID-19 vaccines because this would violate my sincerely held religious beliefs. All the currently available COVID-19 vaccines have used cell lines originating from aborted children in their research and development or production and manufacturing. I should not have to be forced to choose between receiving the COVID-19 vaccine and violating my conscience and sincerely held religious beliefs.

My deeply held Christian religious belief is that life begins at the moment of conception and ends at the time of our God appointed natural death.

The Bible states that God knew us before we were even born:

> 4 Then the word of the Lord came unto me, saying, 5 Before I formed thee in the belly I knew thee; and before thou camest forth out of the womb I sanctified thee, and I ordained thee a prophet unto the nations.
> (Jeremiah 1:4 – 5)

> 13 For You shaped me, inside and out. You knitted me together in my mother's womb long before I took my first breath. 14 I will offer You my grateful heart, for I am Your unique creation, filled with wonder and awe. You have approached even the smallest details with excellence; Your works are wonderful; I carry this knowledge deep within my soul. 15 You see all things; nothing about me was hidden from You as I took shape in secret, carefully crafted in the heart of the earth before I was born from its womb. 16 You see all things; You saw me growing, changing in my mother's womb; Every detail of my life was already written in Your book; You established the length of my life before I ever tasted the sweetness of it.
> (Psalm 139:13 – 16)

The Bible also states:

> The fifth of the Ten Commandments says "thou shalt not kill" (Exodus 20:13).

> "If ye love me, keep my commandments." (John 14:15)

I believe that abortion is murder. As such, to participate in any activity that cooperates with or is complicit in abortion violates my sincerely held religious beliefs, because it would be sin before my God and would violate my conscience.

All the available COVID-19 vaccines have used fetal cell lines for either research and development or production and manufacturing. These fetal cell lines descended from cells taken from abortions in the 1970's and 1980's. The Pfizer and Moderna COVID-19 vaccines used fetal cell line HEK 293 during the research and development phase. The Johnson & Johnson shots used fetal cell lines in the production and manufacturing stage. To make the Johnson &

Johnson shot, scientists used the PER.C6 fetal cell lines descended from tissue taken from a 1985 abortion that took place in the Netherlands. The use of cells from electively aborted children for vaccine production makes these COVID-19 vaccine programs unethical under my faith because they exploit the innocent human beings who were aborted.

Jesus said He would guide us in all truth through His Holy Spirit if we repent of our sins and believe Him. "When the Spirit of truth comes, he will guide you into all the truth." (John 16:13) I have been a Christian for 49 years and know from personal experience that this is true. In all those years, I have sought His counsel and found it by either reading the Bible, through prayer, in counsel with other believers, and in seeking wisdom from His Holy Spirit. It would be a violation of my faith and consciousness to not follow His guidance, because it would cause me to sin against my God.

The Bible defines sin as knowing what to do and not doing it (James 4:17), including violating His commandment "thou shalt not kill (Exodus 20:13). For most of the last year, I have sought God's counsel on whether to take the COVID-19 vaccine or not. The Holy Spirit has repeatedly impressed on my heart and conscience to not receive the COVID-19 vaccine. It would be a sin for me to go against the Holy Spirit's direction. This, in turn, would jeopardize my relationship with my God and violate my conscience.

Taking a vaccine made from aborted children would make me complicit in an action that violates my religious faith. I cannot in good conscience and in alignment with my religious faith be vaccinated with any of the currently available Covid-19 vaccines. I will not do anything to violate my sincerely held religious beliefs.

Therefore, I am asking for religious accommodation, under Title VII and any similar Oregon state law(s), that will exempt me from having to receive a COVID-19 vaccine. Please provide reasonable accommodation for my religious beliefs, as I wish to continue to be a good employee and helpful to the team. In addition, I'm asking that no unfavorable employment action be taken against me, because of my sincerely held religious beliefs.

Thank you for your help regarding this.

Sincerely,

Sally Bozarth
9/6/2021

I understand the statement following my signature on the 'COVID-19 Vaccine Religious Exception Request' form is your position. I signed that form without waiver of my legal right to seek religious exemption and accommodation from any requirement that conflicts with my sincerely held religious beliefs, and without waiver of the right to seek legal redress from any wrongful denial of such exemption or accommodation.

Received:

_____        _____
Name                            Date

# EXHIBIT "B"

From: BSD Vaccination Management <Do-Not-Reply@beaverton.k12.or.us>
Sent: Friday, September 10, 2021 8:07 AM
To: sally bozarth <Sally_Bozarth@beaverton.k12.or.us>
Subject: Covid-19 Religious Exemption Documentation Approval

SALLY BOZARTH,

Your request for a religious exemption from the required Covid-19
vaccination has been accepted.

The District requires compliance with all safety measures and
protocols in place to keep staff and students safe, including but not
limited to face covering, social distancing, hand-washing and all
measures designed to minimize the risk of transmission of the virus.
N95 masks are available upon request to all BSD staff. As an added
measure to help keep students and staff safe, all staff approved for a
vaccine exemption are required to submit to weekly Covid-19 screening
testing administered by the Oregon Health Authority. The link to
enroll in this required program is below,

Enrollment Link

A Covid-19 screening test will be sent to your home address weekly
once you are enrolled in this Oregon Health Authority program. You
will need to take the screening test by Monday of each week. The
at-home test is performed by swabbing just inside the nose. You will
return the swab to the laboratory for processing in the postage-paid
packaging provided. Results will be communicated to you by OHA. If
your screening test results in a positive Covid-19 test, please email
HR-COVID19@beaverton.k12.or.us to notify the District of the positive
case status. Employees are required to attest to testing each week
during the period of the vaccine mandate or until fully vaccinated.

If you are unable to comply with the weekly screening test due to the
condition requiring your exemption, you are invited to enter in to
additional interactive conversations about accommodations through the
ADA process by emailing risk@beaverton.k12.or.us.


Thank you,
HR Team

_____

Follow us!

The District prohibits discrimination and harassment based on any
basis protected by law, including but not limited to, an individual's
actual or perceived race, color, religion, sex, sexual orientation,
gender identity, gender expression, national or ethnic origin, marital
status, age, mental or physical disability, pregnancy, familial
status, economic status, veteran status or because of a perceived or
actual association with any other persons within these protected
classes.

The contents of this email and any attachments are confidential. They
are intended for the named recipient(s) only. If you've received this
communication in error, please immediately notify us by phone at
503-356-4500 and destroy the original message. Thank you.

# EXHIBIT "C"

**From:** notifications@origamirisk.com <notifications@origamirisk.com> on behalf of Karl Granlund <notifications@origamirisk.com>
**Sent:** Wednesday, October 13, 2021 5:07 PM
**To:** sally bozarth <Sally_Bozarth@beaverton.k12.or.us>; sallybozarth@gmail.com <sallybozarth@gmail.com>
**Cc:** karl granlund <Karl_Granlund_Jr@beaverton.k12.or.us>
**Subject:** Vaccine Exception Request <Incident:625>

⚠️ **This is from a Non-BSD Email address:** Please only click links and attachments if you are sure they are safe

# Sally,

BSD HR approved your request for an exception to the State mandated COVID-19 vaccine requirement.

The Risk Management Department is now responsible to work with each approved employee to meet the requirements of OAR 333-019-1030. This law requires employers to take reasonable steps to ensure employees are protected from contracting and spreading COVID-19. This means we need to do 'more than' has been done in the past.

Some school districts are taking the approach that the only way to accomplish this is to place the employee on an unpaid leave of absence. Beaverton is hopeful there are other ways to accommodate the employee so as to remain in their assignment.

Below is a non-exhaustive list of things we are prepared to require of employees who are in a 'COVID-19 vaccination exception status'. Before finalizing these requirements, I am interested to know if you have any other ideas that will allow you to continue to perform your assigned work. Please reply to this email in order to dialogue about what added precautions will be implemented.

If you are having trouble getting testing kits, please contact HR-COVID19@beaverton.k12.or.us

HR advised us that an inability to take the home test DUE TO AVAILABILITY from the vendor will not preclude you from being at work as you have complied with the OHA mandate to attempt to take the test. This may change in the future.

IMPORTANT -
COVID-19 Screening Testing is required of all staff in the 'COVID-19 vaccination exception status'. If you are unable to comply with this requirement due to a medical condition, it must be for a documentable medical reason which you must provide from your medical provider and submit to me. This will be evaluated under the American with Disability Act to see if it's possible the District can accommodate the request.

Additional Potential Protections BSD will Require of You:
- Wear N95 or KN95 mask in place of any other face mask, gator, or covering. The District

- Depending on your assignment, Beaverton School District will supply N95 or KN95 masks.
- Maintain a minimum of 6' distance from coworkers at all times, if, or when, possible.
- If possible, and no impact to operations, work a modified shift when there are fewer individual at your worksite.
- Potential reassignment.
- Potential unpaid leave of absence.

As stated above, <u>please respond to this email with suggestions you may have to keep yourself and others safe that the District can evaluate</u>. There is no promise we can use your ideas but we definitely value your input.

**Karl Granlund**

**Administrator for Risk Management / Risk Manager**

**Beaverton School District l Risk Management**

**16550 SW Merlo Road, Beaverton, OR 97003**

**Office: 503-356-4560 l Fax: 503-356-4563**

*The District prohibits discrimination and harassment based on any basis protected by law, including but not limited to, an individual's actual or perceived race, color, religion, sex, sexual orientation, gender identity, gender expression, national or ethnic origin, marital status, age, mental or physical disability, pregnancy, familial status, economic status, veteran status or because of a perceived or actual association with any other persons within these protected classes.*

*The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you've received this communication in error, please immediately notify*

*us by phone at 503-356-4500 and destroy the original message. Thank you.*

Replies to this email message will be saved with our email records.

# EXHIBIT "D"



February 10, 2022

Health Record # 1377-17-75

Sally J Bozarth
9432 Sw Jasper Dr
Beaverton OR 97007-8869

To Whom It May Concern,

The recommendation to wear a face mask is supported by the Kaiser Permanente
Infections Disease experts and is in alignment with the CDC recommendation as well as
State and Local Public Health Policy. It is reasonable for Sally to wear a surgical mask,
N95 or KN95 mask.

What type of mask is worn in the workplace is determined by the employer. I recommend that
Sally discuss this matter with you, as this is an employee health issue, but a surgical mask could
be a reasonable accomodation. Please review your workplace respiratory protection program or
direct to the person responsible for oversight of the program to discuss alternatives to wearing an
N95/KN95.


Sincerely,


Heather A. Oldham, PA
*<<Signed electronically - 2/10/2022 6:45 PM by Heather A. Oldham, PA.>>*


*This letter was originally viewed by Sally J Bozarth on 2/11/2022 7:02 AM.*

Certain content delivered by MyChart®, licensed from Epic Systems Corporation, © 1999 to February 2021, patents pending.

# EXHIBIT "E"

# Request for Reasonable Accommodation Under The Americans With Disabilities Act (ADA)

- Employee Name             Bozarth, Sally J
- Job Title                 Library Media Assistant
- Supervisor Name           Johnston, Derek J
- Claimant Home Phone       (503) 724-2538
- Home Email                sally.j.bozarth@gmail.com

I am having trouble with the following duties (known as essential job functions): (Please list all duties you cannot perform or are having difficulty with.)

The current BSD Covid rules make my job difficult, hazardous, and are a risk to my life. I'm having trouble with my duties at work when I must wear a respirator due to my Dyspnea, Reactive Airway Disease, and symptoms my from COVID-19 disease. It is unsafe for me to breathe through either a KN/N 95 respirator. When I wear either a KN/N 95 respirator it is difficult to breath. Breathing through either a KN/N 95 respirator is very difficult and tiring, it feels like I'm trying to suck air through a blanket. Breathing through either a KN/N 95 respirator strains my lungs. I must take frequent respirator breaks. When I can't catch my breath, I must stop what I am doing, sit down, put my head between my knees, and stop myself from passing out. If I don't catch myself from passing out, this could cause severe injury to my person. These experiences are frightening and have been very traumatic for me. However, without either a respirator or a mask I don't have breathing issues, thus I am able to do all my required duties.

What are the reasons why you are having trouble completing these job duties?

Please see answer above to question 1.

Difficulty breathing due to my Dyspnea, Reactive Airway Disease, and symptoms my from COVID-19 disease when I have to wear either a KN/N 95 respirator.

Has a doctor, health, or rehabilitation professional ever provided a diagnosis for the condition(s)?

Yes,

1. REACTIVE AIRWAY DISEASE
2. CORONAVIRUS DISEASE (COVID-19)
3. DYSPNEA

I have been prescribed Albuterol and Fluticasone-Salmeterol for cough or wheezing and for prevention and control of breathing problems.

BSD diagnosed me with Covid-19 on 01/26/22 and Kaiser on 01/29/22

Please list any ideas you have that the District may consider in determining reasonable accommodations under the ADA. (Examples – mobility devices, potential leave, etc.) If leave is requested, please indicate dates (if known).

Both my Vice Principal and my Kaiser medical provider recommended for me to wear a surgical mask instead of the thick KN/N 95 respirators. I've already forwarded that medical document to Karol Granlund. However, I will still need frequent breaks from the surgical mask because I still have difficulties breathing through a surgical mask. A face shield would work better than a surgical mask.

Name of Treating Physician

Cinthia D. Caraballo-Hunt, MD
866-813-2000

Name of Additional Treating Physician

Heather A. Oldham, PA
866-813-2000

Please find my medical documents attached with the pertinent information.

At this time I do not authorize my treating provider(s) to communicate with and provide information to the Beaverton School District for the purpose of determining a reasonable accommodation to enable me to perform the essential functions of my job.

Employee Signature

Sally Jane Bozarth



**Patient name:** Sally J Bozarth
**Date of birth:** 4/15/1949
**Gender:** F

Notes

# Progress Notes

by Heather A. Oldham, PA

| Primary Care: Video Appointment Visit |
| --- |

**Reason for Visit / Notes from Prior Visit:**
New Symptom/Concern: ongoing symptoms after COVID-19

Discussed the limitations of a video visit.
Prior to call reviewed: problem list, allergies and medications.

| Patient comments / history: |
| --- |

Has been about 2.5-3 weeks of illness, tested positive for COVID-19 1/29/22
Started feeling better on Thursday, gradually was trying to get back into activities
Went back to work Monday, started with easy schedule
With KN95 masks seems a little more shallow and rapid. District requires KN95
Walked across library to teachers lounge and felt really dyspneic, felt maybe she
was going to pass out. Really couldn't catch breath
Mild phlegm
No fever (did initially)
Nurse on campus said lungs sounded good
Has been trying to take breaks and use deep breathing

| Labs / Images Reviewed |
| --- |

## Last Final COVID-19 Result

| Component | Value | Date |
|---|---|---|
| COVID19 | DETECTED (AA) | 01/29/2022 |

## Objective

No vitals, video visit

████████████████████████████████████████

## Assessment and Plan:

A/P)

**REACTIVE AIRWAY DISEASE, UNSPECIFIED**
-    Albuterol (PROAIR/PROVENTIL/VENTOLIN) 90 mcg/actuation Inhl HFAA; Inhale 1-4 Puffs by mouth every 4 hours as needed for cough or wheezing (reactive airway). Use with spacer
-    inhaler, assist devices (AEROCHAMBER Z STAT PLUS FLOW SIGNAL INHALER SPACER) Misc Spacer; Use with metered dose inhaler as directed by health care provider
-    Fluticasone-Salmeterol (ADVAIR / WIXELA) 100-50 mcg/dose Inhl Disk w/devi; Inhale 1 Puff by mouth 2 times a day for prevention and control of breathing problems. Rinse mouth well after use. Discard 30 days after opening

**HX OF CORONAVIRUS COVID-19 DISEASE**
-    Albuterol (PROAIR/PROVENTIL/VENTOLIN) 90 mcg/actuation Inhl HFAA; Inhale 1-4 Puffs by mouth every 4 hours as needed for cough or wheezing (reactive airway). Use with spacer
-    inhaler, assist devices (AEROCHAMBER Z STAT PLUS FLOW SIGNAL INHALER SPACER) Misc Spacer; Use with metered dose inhaler as directed by health care provider
-    Fluticasone-Salmeterol (ADVAIR / WIXELA) 100-50 mcg/dose Inhl Disk w/devi; Inhale 1 Puff by mouth 2 times a day for prevention and control of breathing problems. Rinse mouth well after use. Discard 30 days after opening

**DYSPNEA ON EXERTION**

**CORONAVIRUS** ████████████ **COUNSELING**

Consistent with COVID-19 recovery, lingering dyspnea on exertion but no symptoms to suggest secondary bacterial pneumonia
Encouraged graduated return to exercises, activities, work
Breathing exercises
Cannot exempt her from masking; surgical mask could be a reasonable alternative, letter provided.
Recommend albuterol prn and starting advair twice daily for 2-4 weeks as she is recovering
If symptoms are not improving or getting worse, needs in person evaluation
████████████████████████████



Heather Oldham, PA-C
Supervising Physician: Dr. Jill Bachmann

# Patient Instructions

by Heather A. Oldham, PA

### Breathing exercises

After COVID infection you may experience cough, chest tightness and shortness of breath. This will steadily and completely resolve over weeks to months. Breathing exercises help. Breathing exercises help by improving gas exchange, opening up air sacks in the lungs, slowing breathing and decreasing anxiety. Do some of these exercises 2-3 times every day.

### Diaphragmatic breathing
Start by lying on your back with your hands on your stomach.
Slowly breathe into your stomach, allowing your stomach to rise
Practice this for several minutes, then practice this sitting and standing.

### Pursed lip breathing
Breath in your nose and out through pursed lips
"Smell the roses for 4 seconds, blow the candles for 8 seconds"

### Singing
Singing requires controlled breathing in and out and good posture and is a great lung exercise.
Start with slow slongs, then progress to faster songs, and then try walking and singing.

### Additional information at:

https://www.thebreathingclass.com/breathing-through-covid19

## IMPROVING STAMINA

Start with simple exercises you can do lying down in bed - conserve energy for
your daily activities.
As you get stronger, go on short walks, this should require minimal effort, and
allow you to a conversation with someone as you walk
Start with short walks of a minute or two, rest, then try to walk for another short
interval. Allow your body time to recover.
Each week, make the intervals a little longer.

### A good goal
A good goal is working up to 30 minutes of exercise per day. Be patient and
persistent - it may take weeks to months to get there, but it is worth it.
A physical therapist may be able to help guide you along the way to determine
what types of exercise you should be doing at this point in your recovery. Your
provider can place a referral if you are interested.

Start today!

Certain content delivered by MyChart®, licensed from Epic Systems Corporation, © 1999 to February 2021, patents pending.

# AFTER VISIT SUMMARY



**Sally J. Bozarth**  MRN: 1377-17-75 Date of Birth: 4/15/1949

📅 2/10/2022  6:20 PM   📍 Care Essentials Pearl 855-235-0491

## Instructions

**Breathing exercises**

After COVID infection you may experience cough, chest tightness and shortness of breath. This will steadily and completely resolve over weeks to months. Breathing exercises help. Breathing exercises help by improving gas exchange, opening up air sacks in the lungs, slowing breathing and decreasing anxiety. Do some of these exercises 2-3 times every day.

**Diaphragmatic breathing**
Start by lying on your back with your hands on your stomach.
Slowly breathe into your stomach, allowing your stomach to rise
Practice this for several minutes, then practice this sitting and standing.

**Pursed lip breathing**
Breath in your nose and out through pursed lips
"Smell the roses for 4 seconds, blow the candles for 8 seconds"

**Singing**
Singing requires controlled breathing in and out and good posture and is a great lung exercise.
Start with slow slongs, then progress to faster songs, and then try walking and singing.

**Additional information at:**
https://www.thebreathingclass.com/breathing-through-covid19

**IMPROVING STAMINA**

Start with simple exercises you can do lying down in bed - conserve energy for your daily activities.
As you get stronger, go on short walks, this should require minimal effort, and allow you to a conversation with someone as you walk
Start with short walks of a minute or two, rest, then try to walk for another short interval. Allow your body time to recover.
Each week, make the intervals a little longer.

**A good goal**

A good goal is working up to 30 minutes of exercise per day. Be patient and persistent - it may take weeks to months to get there, but it is worth it.

A physical therapist may be able to help guide you along the way to determine what types of exercise you should be doing at this point in your recovery. Your provider can place a referral if you are interested.

Start today!

## Today's Visit

You saw Heather A. Oldham, PA on Thursday February 10, 2022. The following issues were addressed:

- ██████████████████████████████
- REACTIVE AIRWAY DISEASE (WHEEZING FROM ALLERGIES)
- HISTORY OF CORONAVIRUS DISEASE (COVID-19)
- DYSPNEA (SHORTNESS OF BREATH) ON EXERTION
- CORONAVIRUS COVID-19 VACCINE COUNSELING

## What's Next





# Medications

## Start/Continue Taking

| | |
|---|---|
| **Albuterol (PROAIR/PROVENTIL/ VENTOLIN) 90 mcg/actuation Inhl HFAA** | Inhale 1-4 Puffs by mouth every 4 hours as needed for cough or wheezing (reactive airway). Use with spacer |
| **inhaler, assist devices (AEROCHAMBER Z STAT PLUS FLOW SIGNAL INHALER SPACER) Misc Spacer** | Use with metered dose inhaler as directed by health care provider |
| **Fluticasone-Salmeterol (ADVAIR / WIXELA) 100-50 mcg/dose Inhl Disk w/devi** | Inhale 1 Puff by mouth 2 times a day for prevention and control of breathing problems. Rinse mouth well after use. Discard 30 days after opening |

## A convenient way for getting your prescriptions filled

**Mail Order**

Save time and money by using our convenient Mail Order Pharmacy. Order new or refill medications using one of three easy ways:

1. Online via **kp.org/refill**
2. Mobile Device: use the **KP app** and select Pharmacy
3. Telephone: Call **1-800-548-9809** and follow the prompts

**Same day or Next day Delivery**

Check eligibility and place your order via **kp.org/refill**, on the **KP app** (select Pharmacy), or call **1-888-413-0608.**

- A charge for same day ($9.99) or next day ($8.99) delivery will apply
- Same day delivery available for select zip codes
- Prescriptions must have a refill available at time of order
- Mail Order benefits do not apply

## Medications (continued)
### A convenient way for getting your prescriptions filled (continued)

## Medicamentos
**Manera conveniente para surtir sus medicinas recetadas**

**Pedidos por Correo**
Ahorre tiempo y dinero con nuestro práctico Servicio de Farmacia por Correo.
Tenemos tres maneras fáciles para surtir sus medicamentos recetados:
1. En línea: use **kp.org/refill** (haga clic en "Español").
2. Aparato móvil: use **KP app** (la aplicación de Kaiser Permanente) y seleccione "Pharmacy" (Farmacia).
3. Teléfono: llame al **1-800-548-9809** y siga las instrucciones.

**Entrega el Mismo Día o el Día Siguiente**
Revise si tiene cobertura para este servicio y haga su pedido a través de **kp.org/refill** (haga clic en "Español") o llame al **1-888-413-0608**.
- Se cobrará un cargo de $9.99 para la entrega en el mismo día y de $8.99 para la entrega al día siguiente.
- La entrega en el mismo día está disponible solo para ciertos códigos postales.
- Para volver a surtir el medicamento, la receta debe permitirlo cuando la pida.
- No se aplican los beneficios de Pedido por Correo.

## Additional Comments

If you have questions after today's visit, please call 855-235-0491.
If you need to schedule an appointment, visit CareEssentials.org.

# EXHIBIT "F"

 **Gmail**

**Ray Hacke <rhacke@pji.org>**

## ADA Accommodation Request
1 message

**Sally Bozarth** <sallybozarth@gmail.com>                                                  Fri, Feb 18, 2022 at 12:43 PM
To: risk@beaverton.k12.or.us

Good Afternoon Risk Management,

Please find my request attached with a doctor's note for reasonable accommodation under the ADA so that I am able to return work safely.

Sincerely,

Sally Bozarth


On Feb 15, 2022, at 8:20 PM, Karl Granlund <notifications@origamirisk.com> wrote:

Hello Sally,

I just received the email you sent to our 'risk' email.

Please be aware if you do not return to work on February 16, 2022, you must account for the absence by reporting it as you would for any other absence. It is on you to report it through absence management so your school knows to request a sub.

The accommodation the District is able to provide is wearing a surgical mask and a face shield. Your school custodian should have an inventory of both if you need them. I also want to point out that the surgical mask is what you requested. Copy and paste of your request in italics:

*As I mentioned yesterday, I've had multiple medical episodes from wearing both the KN95 and N95 masks. Wearing these masks has been frightening for me because I have difficulty breathing with them on. The fact that I started to pass out multiple times this week from not being able to breathe has traumatized me. With either the KN95 or N95 mask on I feel like I'm being suffocated and about to die. Yesterday I sought medical help from both the school nurse and my doctor about this serious problem. I was advised to wear a surgical mask instead of either the KN95 or N95 masks. So, for my safety and peace of mind, I will be following my doctor's advice and wearing a surgical mask. I do not want to pass out. I need to breathe. The doctor said that wearing a surgical mask would be a reasonable accommodation to having to wear either the KN95 or N95 masks. Please find my doctor's note attached to this email. So, please view this letter as a request for reasonable accommodation to wear a surgical mask in place of either a KN95 or N95 mask. Thank you.*

The wearing of a clear face shield similar to this design https://www.amazon.com/Glasses-Pack%EF%BC%8CAnti-Fog-Reusable-Protective-Plastic/dp/B09JVPZMYR/ref=sr_1_9?keywords=Clear+Shield&qid=1644985046&sr=8-9 would not impact your ability to breath and provides the required added protection required by the employer to comply with OAR 333-019-1030.


If you are unable to report to work and comply with these requirements, our last option will be to place you back on an unpaid leave through June 30, 2022.

Please advise if you have any questions. If you think I need to see an email from you quickly, do not email risk@ beaverton...... Either email back to this email or email me directly at karl_granlund_jr@beaverton. k12.or.us.

Karl

**Karl Granlund**

**Administrator for Risk Management / Risk Manager**

**Beaverton School District | Risk Management**

**16550 SW Merlo Road, Beaverton, OR 97003**

**Office: 503-356-4560 | Fax: 503-356-4563**

*The District prohibits discrimination and harassment based on any basis protected by law, including but not limited to, an individual's actual or perceived race, color, religion, sex, sexual orientation, gender identity, gender expression, national or ethnic origin, marital status, age, mental or physical disability, pregnancy, familial status, economic status, veteran status or because of a perceived or actual association with any other persons within these protected classes.*

*The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you've received this communication in error, please immediately notify us by phone at 503-356-4500 and destroy the original message. Thank you.*

---

**Begin forwarded message:**

**From: "cindy eversole" <Cindy_Eversole@beaverton.k12.or.us>**

**Subject: FW: ADA Accommodation Request**

**Date: 02/15/2022 3:51 PM**

**To: "karl granlund" <Karl_Granlund_Jr@beaverton.k12.or.us>**

**Cc: "live-inbox-beaverton@origamirisk.com" <live-inbox-beaverton@origamirisk.com>**

**"Warning"**

# Hi Karl-

# Please see email sent to the Risk bucket from Sally Bozarth.

# Thank you,

**Cindy Eversole**
**Risk Management Specialist**

**Beaverton School District | Risk Management**

**16550 SW Merlo Road, Beaverton, OR 97003**
**Office: 503-356-4549  |  Fax: 503-356-4563**

---

**From: Sally Bozarth <sally.j.bozarth@gmail.com>**
**Sent: Tuesday, February 15, 2022 3:47 PM**
**To: HR Risk Management <hr-risk-management@beaverton.k12.or.us>**
**Subject: Re: ADA Accommodation Request <Incident:815>**

⚠️ **This is from a Non-BSD Email address: Please only click links and attachments if you are sure they are safe**

---

**Good Afternoon Risk Management,**

**I cannot in good conscience return to work without first checking with my doctor to find out if your new rule/accommodation to fulfill the requirement of OAR 333-019-1030 is safe for me. The first accommodation you gave was dangerous to my health. I had severe reactions, exhaustion, I started to blackout multiple times, and I was afraid of severe injury because of your requirements. My doctor said the first accommodation was dangerous to my health.**

**I am confused over your masking guidance regarding OAR 333-019-1030 for those with a religious exemption/exception, as it is silent for those with a religious exemption/exception.**

**I am 72 and I have an impediment to my breathing. It is unwise for me to following your new rule/accommodation before seeing my doctor, because your first accommodation was dangerous for me. I need to go to my doctor first to see if your new rule/accommodation is safe for me.**

**Sincerely,**


**Sally Bozarth**




**On Feb 15, 2022, at 1:29 PM, Karl Granlund <notifications@origamirisk.com> wrote:**


**Sally,**

**Thank you for sending this information. This adequately documents the medical condition and qualifies you for the ADA interactive process.**

**You may return to work Wednesday, February 16, 2022. You do not have to wear the KN95 (or similar) required by your medical or religious exception. In place of the KN95 (or similar) mask you are required to wear a surgical type mask and a plastic face shield. This is the new requirement to fulfill the requirements of OAR 333-019-1030. This along with the other previous**

documented requirements set forth in November 2021 are now your requirements.

I will contact the Contracts Dept who will turn your pay back on effective February 16, 2022.

Please advise if you have any questions.

Karl


Karl Granlund

**Administrator for Risk Management / Risk Manager**

Beaverton School District | Risk Management

**16550 SW Merlo Road, Beaverton, OR 97003**

**Office: 503-356-4560 | Fax: 503-356-4563**


*The District prohibits discrimination and harassment based on any basis protected by law, including but not limited to, an individual's actual or perceived race, color, religion, sex, sexual orientation, gender identity, gender expression, national or ethnic origin, marital status, age, mental or physical disability, pregnancy, familial status, economic status, veteran status or because of a perceived or actual association with any other persons within these protected classes.*


*The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you've received this communication in error, please immediately notify us by phone at 503-356-4500 and destroy the original message. Thank you.*

---

**Begin forwarded message:**

**From:** "cindy eversole" <Cindy_Eversole@beaverton.k12.or.us>

**Subject: FW: ADA Reasonable Accommodation Request Form**

**Date: 02/15/2022 11:01 AM**

**To:** "live-inbox-beaverton@origamirisk.com" <live-inbox-beaverton@origamirisk.com>

---

**From:** Sally Bozarth <sally.j.bozarth@gmail.com>
**Sent:** Monday, February 14, 2022 6:57 PM
**To:** HR Risk Management <hr-risk-management@beaverton.k12.or.us>
**Subject:** ADA Reasonable Accommodation Request Form

⚠️ **This is from a Non-BSD Email address: Please only click links and attachments if you are sure they are safe**

---

**Dear BSD Risk Management,**

**Please find my ADA Reasonable Accommodation Request Form attached to this email with the pertinent medical documents.**

**Sincerely,**

**Sally Bozarth**

---

Case 3:23-cv-01602-AR    Document 1    Filed 11/01/23    Page 47 of 63

from          from          from          from          from          from
email.]       email.]       email.]       email.]       email.]       email.]

*The District prohibits discrimination and harassment based on any basis protected by law, including but not limited to, an individual's actual or perceived race, color, religion, sex, sexual orientation, gender identity, gender expression, national or ethnic origin, marital status, age, mental or physical disability, pregnancy, familial status, economic status, veteran status or because of a perceived or actual association with any other persons within these protected classes.*

*The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you've received this communication in error, please immediately notify us by phone at 503-356-4500 and destroy the original message. Thank you.*

**Replies to this email message will be saved with our email records.**

Replies to this email message will be saved with our email records.

---

**2 attachments**



**Dr Mask Medical.jpeg**
48K



**Reasonable Accommodation Request Feb 18.pdf**
107K

# EXHIBIT "G"

**From:** **Sally Bozarth** sally.j.bozarth@gmail.com
**Subject:** Re: No masks for all, except me.
**Date:** March 15, 2022 at 3:23 PM
**To:** Ray Hacke  rhacke@pji.org



By the way,  I know of three others on staff at my school, William Walker Elementary, who are or have been hassled by Karl Grunland.  We all have met with Caroline Jensen at least once.

Let me know if you want their names.

Sally


On Mar 15, 2022, at 2:19 PM, Ray Hacke <rhacke@pji.org> wrote:

Sally,

I'm currently working on a letter to the Hillsboro School District about the same issue. I'll draft one for Beaverton as soon as I'm done.

And just to be clear, I know of at least one other BSD teacher who's in the same boat.


Ray D. Hacke
Staff Attorney
Pacific Justice Institute

On Tue, Mar 15, 2022 at 1:31 PM Sally Bozarth. he <sally.j.bozarth@gmail.com> wrote:
Beaverton school district has relaxed their Mask mandate for everyone except those with exemptions.  When I go back to work tomorrow I have no choice but to wear a mask and shield.  (See email below.).  The last paragraph of that email says the admin may be enlisted to make sure we are following the rules.  Essentially, he's pitting the admin and me against each other.  At all times I will have to be on the alert to make do accidentally break Karls rules, get reported and then suffer the consequences.

Karl has said he has the power to put me on leave without pay for as long as I work at BSD.

Karl has created a hostile work environment.

MY QUESTION to you is… Can I mention the email and my concerns to my admin?

https://youtu.be/074txnYsf88. My principal and vice principal are some those featured in a video where each states the tag line about masks  "Either way, it's OK."

Karl's email stating the above video does not apply to me.

Sally,

You are receiving this email because you were granted a medical or religious exception to the State of Oregon requirement that all school district employees be vaccinated.
The State recently made OAR 333-019-1030 a permanent rule.
As of March 12, 2022, the District is reducing certain safety protocols for vaccinated staff and students.
OAR 333-019-1030 requires the District to take reasonable steps to ensure that unvaccinated teachers and school staff are protected from contracting and spreading COVID-19. Your added safety requirements below are in place because you are student-facing, and we have no choice but to follow the OAR.
You must begin following these increased safety measures on Monday, March 14, 2022. They are in place

You must begin following these increased safety measures on Monday, March 14, 2022. They are in place until further notice (the OAR is permanent).

<u>Your Added Safety Requirements:</u>
1 – Daily Health Checks
Perform a DAILY health self-check before leaving for your workplace. If you have had any of these symptoms in the previous 24 hours. Do not report to work and follow regular absence management practices (report a sick day or deductible).

- fever or chills
- cough
- shortness of breath or difficulty breathing
- fatigue
- muscle or body aches
- headache
- new loss of taste or smell
- sore throat
- congestion or runny nose
- nausea or vomiting
- diarrhea

2 – COVID-19 Testing
Complete required weekly COVID-19 test through Oregon Health Authority's free program for K-12 staff and per previous instruction from Human Resources. If you have questions about weekly testing, contact hr-covid19@beaverton.k12.or.us

3 – Masks/Face Coverings
The CDC has developed a new tool utilizing Low, Medium, and High designations for local communities. BSD will use this tool for a stair-stepped approach to face coverings.

1. Outside: There is no requirement to wear a face covering when outside.
2. Inside:
   a. When the CDC website lists Washington County, Oregon 'Community Level' as 'LOW', wear a mask with the best fit, protection, and comfort for you. (completely over the nose, under the chin, snug around the nose)
   b. When the CDC website lists Washington County, Oregon 'Community Level' as 'MEDIUM', wear a mask with the best fit, protection, and comfort for you. (completely over the nose, under the chin, snug around the nose)
   c. When the CDC website lists Washington County, Oregon 'Community Level' as 'HIGH', wear a KN95, R95, or N95 mask with the best fit, protection, and comfort for you. (completely over the nose, under the chin, snug around the nose)

It is up to you to know when the CDC has changed the 'Community Level' We recommend you check it frequently.

All requirements are in effect immediately and have no current end date. The only person able to add, modify, or remove any safety measure is the BSD Risk Manager or his/her designee.

These safety measures are subject to change as guidelines, restrictions, and safety or business needs change.

This email does not require a response.

If your vaccination status changes, please contact Karl Granlund.

Administrators may become involved in individual situations and be apprised of an employee's exception status if an employee is unwilling to comply with required accommodation and/or demonstrates a pattern of non-compliance. In such a case, HR may involve the supervisor in helping assure compliance and/or addressing discipline.


Thank you,
Karl Granlund


--
Ray D. Hacke
Staff Attorney
Pacific Justice Institute
P.O. Box 5229
Salem, OR 97304
Phone: (503) 917-4409
Fax: (916) 857-6902

"If the foundations are destroyed, what can the righteous do?" -- Psalm 11:3

# EXHIBIT "H"

Sincerely,

Sally Bozarth
503-724-2538

---

**Weekly Testing Attestation for Week Ending 08/14/2022**

 BSD COVID-19 Attestations <Do-Not-Reply@beaverton.k12.or.us>
To: sally bozarth


Mon 8/15/2022 9:00

SALLY:

You have been approved for an exception to the COVID-19 Vaccine Mandate put in place by Oregon Governor Kate Brown. As a condition of your exception and per the state rule, the District must implement reasonable accommodations to ensure workplace safety. A required accommodation in your case is required weekly screening testing for COVID-19. Staff will participate in this screening by submitting testing to OHA each week. Negative test results will not be reported to the District and the interaction of submitting your test will be between you as the employee and the medical lab processing the test. As part of the District process, we require employees who are testing to attest to their compliance with this accommodation each week.

Please click on the SUBMISSION PORTAL button below to provide your attestation to indicate your compliance with this requirement for **week ending 08/14/2022**:
**SUBMISSION PORTAL**

---

Thank You,
COVID-19 Team

---

**BA** · **BSD <mark>COVID-19</mark> <mark>Attestations</mark>**
Weekly Testing Attestation ...          Mon 9:00 AM
SALLY: You have been approved ...    [Inbox]

---

**BA** · **BSD <mark>COVID-19</mark> <mark>Attestations</mark>**
Weekly Testing Attestation for ...          Mon 8/8
SALLY: You have been approved ...    [Inbox]

---

**BA** · **BSD <mark>COVID-19</mark> <mark>Attestations</mark>**
Weekly Testing Attestation for...          Mon 8/1
SALLY: You have been approved ...    [Inbox]

---

**BA** · **BSD <mark>COVID-19</mark> <mark>Attestations</mark>**
Weekly Testing Attestation f...          Mon 7/25
SALLY: You have been approved ...    [Inbox]

---

**BA** · **BSD <mark>COVID-19</mark> <mark>Attestations</mark>**
Weekly Testing Attestation f...          7/18/2022
SALLY: You have been approved ...    [Inbox]

---

**BA** · **BSD <mark>COVID-19</mark> <mark>Attestations</mark>**
Weekly Testing Attestation f...          7/11/2022



SALLY: You have been approved ...    Inbox

**BSD** <mark>COVID-19</mark> <mark>Attestations</mark>
Weekly Testing Attestation fo...    *7/4/2022*
SALLY: You have been approved ...    Inbox

**BSD** <mark>COVID-19</mark> <mark>Attestations</mark>
Weekly Testing Attestation f...    *6/27/2022*

--
Ray D. Hacke
Staff Attorney
Pacific Justice Institute
P.O. Box 5229
Salem, OR 97304
Phone: (503) 917-4409
Fax: (916) 857-6902

"If the foundations are destroyed, what can the righteous do?" -- Psalm 11:3

# EXHIBIT "I"



**CHRISTINA E. STEPHENSON**
Labor Commissioner

August 14, 2023

SALLY J BOZARTH
C/O PACIFIC JUSTICE INSTITUE
PO BOX 5229
SALEM, OR 97304

RE:   Complainant:   Sally J Bozarth
      Respondent:    Beaverton School District
      Case #:        EEEMRG220815-11729
      EEOC #:        38D-2023-00211

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been dismissed because the Division did not find sufficient evidence to continue our investigation. This is the Bureau's final determination. If you wish to pursue your claim(s) further, you may wish to consult an attorney regarding your right to file a civil suit.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: **If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires <u>one year from the date of the alleged violation</u>.***

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

If you wish to receive a copy of this file, you may place a request for public records online through our website www.oregon.gov/boli/publicrecords, or by calling 971-245-3844. There is no fee to receive a copy.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

**Date of Mailing**: August 14, 2023

Enclosure(s)
cc:   Ray D Hacke, Complainant's Attorney

 Portland · Salem · Eugene        oregon.gov/boli
Help@boli.oregon.gov        971-245-3844
Ore · Relay TTY: 711       

## Civil Rights Division – Bureau of Labor & Industries
## Complaint Dismissal Memo

| | |
|---|---|
| Complainant: | Sally J Bozarth |
| Respondent: | Beaverton School District |
| Case Number: | EEEMRG220815-11729 |
| Date: | July 27, 2023 |
| Investigator: | Michael Mohr |
| Reviewed By: | _____ Theodore E. Wenk |

Complainant alleges that she was discriminated against based on her religion in that she was required to comply with additional safety procedures after receiving an exception to Respondent's COVID-19 vaccination policy.

Complainant began working for Respondent in July of 2014 as a library media assistant at William Walker Elementary. To comply with state law, Respondent issued a COVID-19 vaccination policy on September 8, 2021. Complainant requested and received an exception to Respondent's policy. Complainant was given the option of following increased safety protocols, including masking and testing, or of taking an unpaid leave for the school year. After becoming ill with a strain of COVID-19 in 2022, Complainant requested to not wear a KN95 mask as required by Respondent's policies. She was given the option of wearing a surgical mask and a face shield as an alternative to KN95 masking. The record does not indicate that any of the safety protocols Complainant was subjected to due to her unvaccinated status, such as masking and testing, were due to animus against Complainant's religion. Instead, they appear targeted to minimize the risk of transmission of COVID-19 to staff and students. The complaint should therefore be dismissed.

_____
_____ /s/ Michael Mohr

# Substantial Weight Review Procedure

Complaints co-filed under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), or the Americans with Disabilities Act (ADA) are enforced by the Equal Employment Opportunity Commission (EEOC).  The EEOC generally will adopt the findings of the Civil Rights Division; however, the Complainant has the option of requesting a review of this action.  Upon receipt of the attached letter, the Complainant has 15 days to make a written request for a review to:

Equal Employment Opportunity Commission

Federal Office Building

909 First Avenue #400

Seattle WA  98104-1061

Rev. 10-4-10

# EXHIBIT "J"

## Janzen Legal Services LLC

**To: Beaverton School District**

**Date: 4/13/2022**

**Re: Tort Claims Notice on behalf of Sally Bozarth**

### Claimant Information

1.      Claimant name:        Sally Jane Bozarth

2.      Current residential address:

         9432 SW Jasper Dr., Beaverton, OR 97007

3.      Mailing address:

         C/O Caroline Janzen
         Janzen Legal Services
         4550 SW Hall Blvd., Beaverton, OR 97005

4.      Claimant's telephone number:        (503) 724-2538

5.      Claimant's email address:        jls@ruggedlaw.com; sally.j.bozarth@gmail.com

### Incident information

6.      Date of Incident:        11/10/2021

7.      Location of incident:        16550 SW Merlo Rd., Beaverton, OR 97003

8.      Description of incident:        Sally Bozarth had reasonable cause to not receive the vaccine, she filed for a religious exemption 9/8/2021 which was accepted without reasonable accommodation on 11/10/2021. Beaverton School District took action that revealed her private medical information to the public by requiring her to wear gear and distance herself in such a way as to isolate her and distinguish her medical information and then placing her on a period of indefinite unpaid leave.

Janzen Legal Services, LLC
4550 SW Hall Blvd.
Beaverton, OR 97005
Office: 503-520-9900



## Janzen Legal Services LLC

### Governmental Agency

9.    Name of State agency involved and why you believe they are responsible for your damage/injury.

Beaverton School District is responsible for employment discrimination seen in the adverse employment action they initiated against their employee, Sally Bozarth, as a direct result of her religious practice.

10.    Name of employees involved:

Sally Bozarth

### Damages

11.    List damages associated with the tortious conduct:

The claimant suffered harm from the emotional stress and social stigma associated with her personal medical information being made public in the workplace, the harassment and discrimination that resulted, and the repercussions of these events. She experienced humiliation and embarrassment due to the isolation and harassment she experienced in the workplace, indignation at the violation of her rights, elevated blood pressure, severe headaches, pain in her back, nausea, sadness and emotional anguish. She further suffered economic damages from the loss of continuous gainful employment, including lost income, benefits, insurance, and retirement contributions during the period of leave, as well as incurred medical and legal expenses to mitigate the effects of the situation and attempt to maintain her job and health.

### Witnesses

12.    Witness name, address, phone number and relationship:

To be determined by an investigation.

<br>

DocuSigned by:

_Sally J. Bozarth_
41BF9D5EA8B94AD...

5/1/2022

_____          _____
Signature of Claimant                                    Date

Page 2 – TORT CLAIMS NOTICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd.
Beaverton, OR 97005
Office: 503-520-9900

# EXHIBIT "K"

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

Count Days    Add Days    Workdays    Add Workdays    Weekday    Week №

From **Monday, August 14, 2023**
Added 90 days

## Result: Sunday, November 12, 2023

### Calendar showing period from August 14, 2023 to November 12, 2023

| August 2023 | | | | | | | September 2023 | | | | | | | October 2023 | | | | | | | November 2023 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 days added | | | | | | | 30 days added | | | | | | | 31 days added | | | | | | | 12 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat | Sun | Mon | Tue | Wed | Thu | Fri | Sat | Sun | Mon | Tue | Wed | Thu | Fri | Sat | Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | 1 | 2 | 3 | 4 | 5 | | | | | | 1 | 2 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | | | | 1 | 2 | 3 | 4 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 27 | 28 | 29 | 30 | 31 | | | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 29 | 30 | 31 | | | | | 26 | 27 | 28 | 29 | 30 | | |

☐ = Start date (Aug 14, 2023)    ☐ = Final result date (Nov 12, 2023)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.